HARMON EDMUNDS, Sheriff of Otsego County, *v.* RUSSELL P. BARTON.

A deputy sheriff may be deprived of authority to act as deputy, upon a notice in writing from the sheriff revoking his appointment.

Although his appointment must be made under the hand and seal of the sheriff, his dismissal need not be in writing under seal.

His authority to charge the sheriff with his acts as deputy ceases with his notification of the pleasure of the sheriff to determine his deputyship.

THE plaintiff was elected sheriff of Otsego county, and entered on the duties of his office in January, 1855. Shortly thereafter he appointed one Sidney M. Ballard one of his deputies, the instrument by which he was appointed being under seal and duly executed according to the requirements of the statute. Becoming dissatisfied with the conduct of Ballard as deputy, in October, 1856, the plaintiff addressed a letter to him stating that his appointment as such deputy made 5th January, 1855, was thereby revoked and annulled, and directing him thereafter to transact no business under such appointment. This letter was received by Ballard in due course of mail, and a duplicate was filed in the clerk's office of Otsego county. Subsequently and on the 31st day of January, 1857, the plaintiff wrote again to Ballard, among other things saying, " Will you please to summon Mr. Allen Scrambling as a grand juror to attend court on the 16th of February next, at 10 o'clock A. M., and make return," &c. This official act was performed by Ballard according to request. On the same day, 31st January, 1857, Ballard having in his hands an attachment seized upon certain property then being in the possession of the defendant. Thereupon, within a day or two thereafter, 2d of February, the defendant gave a receipt to Ballard, acknowledging that the property had been seized by the plaintiff by his deputy Ballard, and undertaking that the goods should be produced to satisfy any execution that might be issued upon any judgment that might be obtained by the attaching creditors. The defendant became a mere custodian or receiptor, claiming no title to the property in himself.

On the 4th February, 1857, two days after defendant gave the receipt and undertaking, one Charles B. Stever, another deputy of the plaintiff, called upon the defendant with an attachment in favor of other creditors, and demanded possession of the goods. The goods were shown to Stever, but the defendant refused to give him possession. On the 24th of March Stever levied still another attachment, and again claimed possession of the goods, Stever asserting that Ballard had been removed as deputy, and the defendant had no right to retain possession. Possession was again refused by defendant.

In June following, the creditors in the first attachment proceedings having obtained judgment against the owners of the goods caused execution to be issued. This execution was placed in the hands of Peter Barton (no relative of the defendant), but another deputy of the plaintiff, who, on receiving a bond of indemnity, given by the judgment creditors to the plaintiff, as sheriff, proceeded and sold the property.

This action having been brought to recover of the defendant the value of the property thus seized and sold, the referee, by whom the cause was heard, ordered judgment in favor of the plaintiff. This judgment was reversed by the General Term of the Supreme Court in sixth district, and from that judgment of reversal an appeal is taken to this court.

*Lyman Tremain*, for the appellant.

DENIO, Ch. J. I am of the opinion that the authority of the deputy, Ballard, ceased upon the service on him of the written revocation of his appointment signed by the plaintiff or sheriff. The statute directs that the appointment shall be made under the hand and seal of the sheriff, and be filed in a public office (1 R. S., 379, § 74), but it makes no provision as to the form to be used in revoking the appointment. It is very proper that it should be done by some act in writing, and be notified to the displaced deputy; but the formality of a seal is not indispensable unless it is required by some positive law, and the statute makes no such requirement. The arrangement is now wholly statutory, and the courts

cannot add any formalities which the act has not made necessary. Formerly a deputy might be appointed by parol (*Holliday* v. *Boardman*, 10 Paige, 232), and undoubtedly the appointment might be revoked in the same way. The appointment was during the pleasure of the sheriff, and any authentic act determining his pleasure ought to be sufficient to determine his authority. The common law doctrine, that an instrument under seal cannot be discharged except by a deed, does not, I think, apply to a case like this. This is an administrative arrangement, and the statute regulates the same.

I am not aware that it has ever been held that the acts of an officer after his appointment has expired, or he has been removed, are valid for any purpose. A deputy sheriff, as I have said, holds his situation at the pleasure of the sheriff, and the sheriff is responsible for his acts. It is true he takes an indemnity, but that may turn out, as it seems to have in this case, to be insufficient. If a removed deputy can, by persisting in performing official acts, after he and his sureties have become insolvent, affect third parties under the nature of being an officer *de facto*, the sheriff will be liable for his default in spite of anything he can do to prevent it. With the exception of summoning a single juror, the plaintiff does not appear to have been aware that the deputy in this case was assuming to act after he had been removed. I suppose the sheriff can appoint a deputy to summon a juror without making him a deputy for general purposes. He can depute any person to do a single act.

The sale of this property under the execution of Perego & Buckley does not affect the question. The deputy Barton was procured to do it by the plaintiffs in the execution, or their attorney who indemnified him, and that ought not to prejudice the plaintiff.

I am in favor of reversing the order of the General Term, and affirming the judgment entered on the report.

PORTER, WRIGHT, DAVIES and DAVIS, JJ., concurring,

Order reversed and judgment on the report of referee affirmed.